SICKLES v. KLING et al.

(Supreme Court, Special Term, Kings County. December, 1899.)

1. LIBEL—PLEADING.
 Plaintiff cannot be required to aver under what circumstances the alleged libel was published.
2. SAME—PRIVILEGED COMMUNICATIONS.
 Words in printed brief are not privileged, unless pertinent to the issue.

Action by Emily Sickles against Abram Kling and others for libel. Motion by defendant Abram Kling to require the complaint to be made more certain by stating when, where, and under what circumstances defendant published the libel. Granted in part.

Abram Kling, for the motion.
Alfred H. Holbrook, opposed.

GAYNOR, J. It was argued at the bar as the reason why the complaint should be required to state "where and under what circumstances" the defendant published the alleged libelous words, that if it should thereby appear that such publication was by means of the printed brief of the defendant in arguing a case in the appellate division of the supreme court, a demurrer to the complaint would be sustained on the ground that the publication was on an occasion of absolute privilege. But the law is not so. The occasion would be one of qualified privilege only. Unless the words were pertinent to the case they would not be privileged. Odgers, Lib. & Sland. 186; Marsh v. Ellsworth, 50 N. Y. 309. If the complaint were so amended it would still be for the defendant to plead his privilege as a defense. The plaintiff cannot be required to draw a demurrable complaint.

The plaintiff has alleged when the words were published, but has forgotten to allege in what place, viz., city or town; and in this respect only the motion is granted.